## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **CAREY T DUNN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-329-CAR-CHW** |
| | : | |
| **K9 PATROL OFFICER KIMBERLY** | : | |
| **HOUCK,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER</u>

Pending before the Court are the claims of *pro se* Plaintiff Carey T. Dunn, a prisoner currently confined in the Houston County CI in Perry, Georgia.   For the following reasons, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 3, 5) are **GRANTED**, and Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form as directed herein.

## MOTIONS TO PROCEED IN FORMA PAUPERIS

In accordance with the Court's previous orders and instructions, Plaintiff has now submitted a motion for leave to proceed *in forma pauperis* that includes a certified copy of his prison trust fund account statement (ECF No. 5).   Plaintiff's filings show that he cannot now pay the filing fee.   *See, e.g.,* ECF No. 5-2 at 1.   His applications to proceed *in forma pauperis* (ECF Nos. 3, 5) are therefore **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has

sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the

account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST COMPLAINT**

Plaintiff's Complaint in this case arises from an incident that occurred on January 3, 2025, in Warner Robins, Georgia. ECF No. 1 at 4. On that date, Plaintiff contends he and his wife "were falsely imprisoned by malicious arrest" for "first degree burglary [of] an uninhabitable property, with no patio doors, a deceased owner, with no living claimant." ECF No. 1 at 4. In addition to the above-captioned action, Plaintiff filed two other § 1983 complaints arising from the same January 3, 2025 incident, *Dunn v. Wilson*, 5:25-cv-364-MTT-CHW (M.D. Ga. Aug. 27, 2025) ("*Dunn I*") and *Dunn v. Patrick*, 5:25-cv-378-TES-CHW (M.D. Ga. Sept. 2, 2025) ("*Dunn II*"). Both of those cases have now been

3

consolidated into the above captioned action and administratively closed. To ensure that each of Plaintiff's claims from the consolidated cases is preserved, however, Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

When drafting his statement of claims on the Court's form, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official.   Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.   Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the complaints filed in this case, *Dunn I*, and *Dunn II*.   Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**   This ten-page limitation underline(includes) (and is not in addition to) the pre-printed

pages of the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form, marked with the case number of the above-captioned action, to the Plaintiff that he should use to file his recast complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 3, 5) are **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file his recast complaint with the Clerk of Court. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 16th day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge